IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES H. LEACHMAN,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD F. PARISIAN, Regional Director, Bureau of Indian Affairs, Rocky Mountain Regional Office; MICHAEL S. BLACK, Director of Bureau of Indian Affairs; MICHAEL R. SMITH, Deputy Bureau Director, Field Operations Bureau of Indian Affairs, Washington, D.C.; DARREN A. CRUZAN, Deputy Bureau of Indian Affairs Director, Office of Justice Services; JOHN DOES, Numbering 1-10; JANE DOES, Numbering 1-10,<br><br>Defendants. | CV 14-45-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff filed his Complaint on April 2, 2014. *Cmplt. (ECF 1)*. Because more than 120 days had elapsed from the date Plaintiff filed his Complaint, on August 1, 2014, the Court issued a Show Cause Order. *Show Cause Order (ECF 4)*. The Show Cause Order directed Plaintiff to appear, in writing, by August 15, 2014, to show cause why

-1-

the case should not be dismissed for failure to effect service as required by Fed. R. Civ. P. 4(m).

Plaintiff has not complied with the Court's Show Cause Order even though more than two weeks have passed since the original August 15, 2014 deadline to do so. Also, Plaintiff still has not filed proof of service as required by Rule 4.3, Rules of Procedure of the United States District Court for the District of Montana. It appears that he has abandoned this lawsuit.

I. **Discussion**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Even though the rule states that a defendant may move for dismissal under the specified circumstances, it is well-settled that the Court may dismiss a case on its own motion without awaiting a defense motion. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, (2003) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### A. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Here, Plaintiff has given no reason for his failure to effect service, comply with the Court's Show Cause Order, or otherwise prosecute this action. The Court can only conclude that he has abandoned this case. This factor weighs in favor of dismissal.

### B. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (*citing Yourish*, 191 F.3d at 990). Litigants who do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow the Court's orders. Under the

circumstances of this case, this factor weighs in favor of dismissal.

### C. <u>Prejudice to Defendants</u>

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (*citing Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Here, Defendants have not entered an appearance, presumably because they have not been served. They may, in fact, be unaware of Plaintiff's action against them. In any event, Plaintiff has not complied with the Court's Show Cause Order nor properly effected service upon Defendants. And he has offered no explanation for his failure to do so. These failures have delayed this action. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* (*citing Sibron v. New York*, 392 U.S. 40, 57 (1968)). It is reasonable to conclude that stale evidence will unfairly prejudice Defendants. This factor weighs in favor of dismissal.

### D. <u>Alternatives</u>

An alternative to dismissal at this time is to afford Plaintiff

additional time to effect service and proceed with prosecuting this matter. But, despite having both the time and opportunity to accomplish those tasks, Plaintiff has failed to do so. In light of his failures to effect service, comply with the Court's Show Cause Order, and prosecute this action, the Court has no reason to believe that affording Plaintiff additional time would result in a different outcome.

The Court understands its obligations to pro se litigants and has endeavored to fulfill them in this case. Plaintiff was given the time afforded by Fed. R. Civ. P. 4(m) to effect service, time to explain to the Court his failure to do so, and additional time until now to accomplish either of those tasks. He has not complied. This factor weighs in favor of dismissal.

### E. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor will always counsel against dismissal.

## II. Conclusion

While the policy in favor of disposition on the merits weighs

against dismissal under Rule 41(b), the other four factors weigh in favor of dismissal.  Accordingly, **IT IS RECOMMENDED** that this matter be DISMISSED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or objection is waived.

DATED this 3rd day of September, 2014.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge